Maple Ride Mobile Home Park v. Leduc, No. 190-7-12 Cacv (Teachout, J., May 22, 2013)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                      **CIVIL DIVISION**
Caledonia Unit                                      Docket # 190-7-12 Cacv

**MAPLE RIDGE MOBILE HOME PARK,**
    **Plaintiff**

  **v.**

**DAVID LEDUC,**
    **Defendant**

## MOTION FOR POST-JUDGMENT RELIEF

This mobile home park eviction case is before the Court on Plaintiff Maple Ridge Mobile Home Park's motion for post-judgment relief. Defendant David Leduc has been evicted and has apparently vacated the premises without removing his mobile home. Maple Ridge asks the Court to (1) order Mr. Leduc to remove his mobile home from the lot on which it sits; (2) permit Maple Ridge to disconnect all utilities; and (3) award Maple Ridge costs including attorney's fees for preparing this motion.

    1.  Order to Remove Mobile Home

The Court declines to issue an order directing Mr. Leduc to remove his mobile home. The Mobile Home Parks Act does not contemplate such an order, and it is not clear what purpose it would serve. The Court has already issued a writ of possession, placing Maple Ridge in possession of the lot. Maple Ridge is essentially asking the Court to grant a mandatory injunction against Mr. Leduc without having demonstrated that the equities merit that form of relief. See *Fenwick v. City of Burlington*, 167 Vt. 425, 431–32 (1997).

Under the Mobile Home Parks Act, there are three options for the disposition of a mobile home that remains after a leaseholder is evicted from a mobile home park. The leaseholder may of course remove the mobile home himself. Alternatively, the leaseholder may sell the mobile home to another person, who can either move it elsewhere or become a leaseholder in the mobile home park. 10 V.S.A. § 6240. Finally, if the mobile home is abandoned by the leaseholder, the park owner may petition the court to sell the mobile home.[1] *Id*. §§ 6248, 6249. The park owner is entitled to recover court costs, attorney's fees, rent, and other charges from the proceeds of the sale. *Id*. § 6249(h)(7). Maple Ridge therefore has a remedy at law if Mr. Leduc fails to dispose of the mobile home, making it inappropriate for the court to grant equitable relief. See *Titchenal v. Dexter*, 166 Vt. 373, 381 n.5 (1997) ("Equity will not aid those who fail to take advantage of a remedy available at law.").

---

[1]  The park owner may also request the court to transfer ownership of the mobile home to the park owner without a public sale if the mobile home is unfit for human habitation. 10 V.S.A. § 6249(b).

2. Disconnection of Utilities

Maple Ridge is permitted to disconnect the utilities if the mobile home is unoccupied.

3. Costs and Attorney's Fees

The court will not award costs and attorney's fees related to the preparation of this motion. The lease allows Maple Ridge to recover costs, including attorney's fees, in connection with a suit brought to recover possession of the leased lot, to recover rent due, or to recover damages associated with Mr. Leduc's failure to comply with lease obligations. The lease provision does not warrant an award of attorney's fees to Maple Ridge for preparing the instant motion, as the writ of possession has already been issued and the other circumstances do not apply. In the event that the mobile home is abandoned and sold pursuant to § 6249, Maple Ridge may seek reimbursement of its attorney's fees from the sale proceeds.

ORDER

For the foregoing reasons, Plaintiff's motion is denied, except that Plaintiff may disconnect utilities to the mobile home if it is unoccupied.

Dated at St. Johnsbury, Vermont this 22nd of May, 2013.

_____
Mary Miles Teachout
Superior Judge